**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRIS WARD KLINE,<br><br>  Plaintiff-Appellant,<br><br> v.<br><br>RAM KOPPAKA; et al.,<br><br>  Defendants-Appellees. | No.   18-16559<br><br>D.C. No. 3:17-cv-07118-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 19, 2019[**]

Before:   FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Chris Ward Kline appeals pro se from the district court's judgment

dismissing his action alleging state law claims against the Department of Health

and Human Services.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

12(b)(1). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Kline's action for lack of subject matter jurisdiction because Kline failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") prior to filing suit. *See* 28 U.S.C. § 2675(a) (setting forth FTCA's administrative exhaustion requirement); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (the FTCA bars a claimant from bringing suit in federal court unless the claimant has first exhausted administrative remedies).

The district court did not err in substituting in the United States as a defendant. *See* 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant.").

We reject as unsupported by the record Kline's contentions of misconduct by the Attorney General's office.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**

18-16559